

ENTERED
10/25/2016

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: § | | |
| PETROLEUM PRODUCTS & SERVICES, § | CASE NO: 16-31201 | |
| INC.; dba WELLHEAD DISTRIBUTORS § | | |
| INT'L; dba WDI § | | |
|     Debtor(s) § | | |
| § | CHAPTER 11 | |
| § | | |
| PETROLEUM PRODUCTS & SERVICES, § | | |
| INC., *et al* § | | |
|     Plaintiff(s) § | | |
| § | | |
| VS. § | ADVERSARY NO. 16-03121 | |
| § | | |
| MCCLINTON ENERGY GROUP, LLC, *et* § | | |
| *al* § | | |
|     Defendant(s) § | | |

## MEMORANDUM OPINION

On May 31, 2016, Petroleum Products and Services, Inc. removed its state court lawsuit to recover payment for $1.5 million in outstanding debt from McClinton Energy Group, LLC to this Court. (ECF No. 1). On June 30, 2016, McClinton filed a motion to remand on the grounds of mandatory abstention under 28 U.S.C. § 1334(c)(2), equitable remand and permissive abstention under 28 U.S.C. §§ 1452(b) and 1334(c), and a lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1334(b). (ECF No. 5 at 8). The Court finds mandatory abstention is appropriate under § 1334(c)(1) and accordingly remands the case to state court under § 1452(b).

### Background

Petroleum Products sells products and services in the oil and gas exploration and production industry, including oilfield equipment. (ECF No. 1-10 at 24). McClinton bought oilfield equipment from Petroleum Products between 2007 and 2015. (ECF No. 1-10 at 24). McClinton accepted and paid for the oilfield equipment it received from Petroleum Products for

several months.  (ECF No. 1-10 at 25).  However, McClinton failed to pay Petroleum Products for the equipment it received after February 2015.  (ECF No. 1-10 at 25).  Accordingly, McClinton has an outstanding balance with Petroleum Products for oilfield equipment it accepted.  (ECF No. 1-10 at 25).  Petroleum Products began demanding McClinton pay its outstanding balance on the oilfield equipment in or around August 2015.  (ECF No. 1-10 at 25).  On November 17, 2015, Petroleum Products made a formal demand on McClinton to pay the outstanding balance on its account.  (ECF No. 1-10 at 25).  As of May 31, 2016, McClinton owed $1,460,535.65 on its open account for accepted, but unpaid for, oilfield equipment.  (ECF No. 1-10 at 26).

On December 18, 2015, Petroleum Products and its co-plaintiff WDI Drilling Equipment Services, LLC ("DES") filed suit against McClinton in the 113th Judicial District Court of Harris County, Texas.  (ECF No. 5 at 4).  Petroleum Products asserted two causes of action against McClinton: (1) suit on sworn account, alleging that McClinton was obligated to make payments for goods received on an open account; and (2) quantum meruit, alleging McClinton accepted and benefited from the goods delivered to it by Petroleum Products.  (ECF No. 6 at 2). McClinton filed a verified denial on February 16, 2016, asserting that not all lawful offsets and credits had been applied to its accounts with Petroleum Products after it received defective equipment from Petroleum Products that led to interruptions in business and monetary damages. (ECF No. 5 at 5).

Petroleum Products filed for bankruptcy in the United States Bankruptcy Court for the Southern District of Texas, Houston Division, on March 4, 2016.  (Case No. 16-31201).

Prior to removal, on April 20, 2016, Petroleum Products filed a motion for summary judgment. (ECF No. 1-10).  Additionally, on May 31, 2016, Petroleum Products sought leave to

file supplemental summary judgment evidence in support of its motion for summary judgment. (ECF No. 1-21). McClinton filed objections and a response to Petroleum Products' motion for summary judgment, as well as a motion for continuance to allow for discovery, on May 20, 2016. (ECF No. 5 at 6). The state court granted McClinton's motion for continuance on May 27, 2016. (ECF NO. 5 at 6–7). Petroleum Products filed a notice of removal on May 31, 2016, removing the state court action against McClinton to this Court and commencing this adversary proceeding. (ECF No. 1). On June 30, 2016, McClinton filed a motion to remand this proceeding to the state court on the grounds of mandatory abstention under 28 U.S.C. § 1334(c)(2), equitable remand and permissive abstention under 28 U.S.C. § 1452(b) and 1334(c), and a lack of subject matter jurisdiction over the claims of DES pursuant to 28 U.S.C. § 1334(b). (ECF No. 5 at 8). Petroleum Products filed a response to McClinton's motion to remand on July 19, 2016, asserting that McClinton failed to offer support for its permissive abstention claim, that this adversary proceeding is core and thus unfit for mandatory abstention, and that the Court has pendent and ancillary jurisdiction over Petroleum Products' original claims. (ECF No. 6 at 8–10).

**Analysis**

When a party files for bankruptcy, suits involving claims related to the bankruptcy may be removed to a bankruptcy court. *See, e.g.*, *Khan v. Hakim*, 201 F. App'x 981, 982 (5th Cir. 2006). However, once before the bankruptcy court, multiple ways exist for the bankruptcy court to remand the proceeding back to state court: (1) mandatory abstention under 28 U.S.C. § 1334(c)(2); (2) permissive abstention under 28 U.S.C. § 1334(c)(1); or (3) equitable remand under 28 U.S.C. § 1452(b). *See In re Mugica*, 362 B.R. 782, 790 (Bankr. S.D. Tex. 2007).

*Mandatory Abstention*

Under 28 U.S.C. § 1334(c)(2):

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

A district court must abstain from hearing state law claims when: "(1) the claims have no independent basis for federal jurisdiction other than § 1334(b); (2) the claims are non-core; (3) an action has been commenced in state court; and (4) the action can be timely adjudicated in state court." *In re Mugica*, 362 B.R. at 792 (citing *Schuster v. Mims (In re Rupp & Bowman Co.)*, 109 F.3d 237, 240 (5th Cir. 1997)). The burden to prove that all of these elements of mandatory abstention are present is on the moving party. *See In re Petroleum Prod. & Servs., Inc.*, 556 B.R. 296 (Bankr. S.D. Tex. 2016).

McClinton established all of the elements for mandatory abstention.

Petroleum Products and McClinton agree that the claims asserted in this proceeding are solely state law claims. (ECF No. 6 at 22). Accordingly, the first factor for mandatory abstention is met in this proceeding.

Petroleum Products' state law claims in this proceeding are non-core. Mandatory abstention applies only to non-core proceedings—that is, proceedings "related to a case under title 11," but not "arising under title 11, or arising in a case under title 11." 28 U.S.C. §§ 157(b)(1), 1334(c)(2). *Matter of Gober*, 100 F.3d 1195, 1206 (5th Cir. 1996). A proceeding is core under 28 U.S.C. § 157 "if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *Wood v.*

*Wood (In re Wood)*, 825 F.2d 90, 97 (5th Cir.1987).  The fact that a claim arises under state law is not dispositive, as "many truly bankruptcy issues, like the determination of the basis for creditors' claims, turn on state law." *Southmark Corp. v. Coopers & Lybrand*, 163 F.3d 925, 930 (5th Cir. 1999).  Nevertheless, *In re Wood* cautions against interpreting § 157(b) in a way that causes "the entire range of proceedings under bankruptcy jurisdiction [t]o fall within the scope of core proceedings."  825 F.2d at 95.  A claim based on state created rights, which could have proceeded in state court had there been no bankruptcy, is likely not core.  *Id.* at 97.

Petroleum Products asserts that its state law claims are core because they concern: the administration of its bankruptcy estate; the allowance or disallowance of claims against the estate; counterclaims against persons filing claims; turnover of funds due to the estate; the determination of the validity, extent, and priority of the movant's lien; and the effects of the liquidation of the assets of the estate.  (ECF No. 6 at 21).  A state contract claim that does not depend on the bankruptcy laws for its existence is not a core proceeding.  *In re Wood*, 825 F.2d at 96.  Here, Petroleum Products' claims do not invoke a substantive right provided by Title 11 nor are they of a nature that could only arise in a bankruptcy case—they are simply state contract claims.  *Id.* at 97.

Initially, it was unclear whether McClintock was asserting a counterclaim against the Estate.  A counterclaim could directly implicate the claims allowance process and might be core.  However, McClintock stipulated that it seeks only recoupment and that it waives any affirmative claim against the estate.  McClinton's rights of recoupment do not constitute claims within bankruptcy, making recoupment a non-core issue.  *See Reiter v. Cooper*, 507 U.S. 258, 265 n.2 (1993) ("Recoupment permits a determination of the 'just and proper liability on the main issue,' and involves determination of the defendant's liability.");   4 Collier on Bankruptcy

¶ 553.10[1] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.) ("As long as this right of reduction is asserted as a defense and not as an independent claim for relief, it does not constitute a 'claim.'"). Additionally, the Fifth Circuit in *In re Wood* cautioned against treating any proceeding that affects the estate as core because "otherwise, the entire range of proceedings under bankruptcy jurisdiction would fall within the scope of core proceedings." 825 F.2d at 95. Although McClinton potentially owes Petroleum Products a significant sum of money, this fact does not change the nature of Petroleum Products' state law claims. As set forth above, McClinton's recoupment defense is not a claim against the estate; it is a defense to its own liability. Because these claims do not invoke a substantive right provided by Title 11 nor are they of a nature that could only arise in a bankruptcy case, Petroleum Products' state law claims are non-core even though they may affect the bankruptcy estate.

Petroleum Products and McClinton both agree that Petroleum Products' lawsuit was originally filed in state court. (ECF No. 6 at 22). Accordingly, the third factor for mandatory abstention is met in this proceeding.

This adversary proceeding can be timely adjudicated in state court. Under the fourth mandatory abstention factor, the Court must determine if the state court could timely adjudicate Petroleum Products' state law claims. The party asserting that an action can be timely adjudicated in state court must provide the court with more than a "naked assertion" that the state court can timely adjudicate the claims. *J.T. Thorpe Co. v. Am. Motorists*, No. CIV.A. H-02-4598, 2003 WL 23323005, at *3 (S.D. Tex. June 9, 2003); *see also WRT Creditors Liquidation Trust v. C.I.B.C. Oppenheimer Corp.*, 75 F.Supp.2d 596, 605–06 (S.D. Tex. 1999); *Allied Mech. & Plumbing Corp. v. Dynamic Hostels Hous. Dev. Fund Co.*, 62 B.R. 873, 878 (Bankr. S.D.N.Y. 1986). "In instances where federal courts have found that state courts could adjudicate the

dispute in a timely manner, the movant introduced evidence that the suit had already been prosecuted to some extent in the state court, which had issued various orders and become familiar with the case." *In re Doctors Hosp. 1997, L.P.*, 351 B.R. 813, 846 n. 29 (Bankr. S.D. Tex. 2006) (citing *Broyles v. U.S. Gypsum Co.*, 266 B.R. 778, 782–83 (E.D. Tex. 2001)).

McClinton established that this proceeding can be timely adjudicated in state court. When this proceeding was removed to this Court, Petroleum Products' claims had been litigated in state court for more than five months. (ECF No. 5 at 4). During that time, the state court generated a docket control order setting dates for expert witness designation, the close of discovery, and dispositive motions, as well as for trial, June 12, 2017. (ECF No. 5 at 6). Additionally, the state court was amenable to holding a trial before its docketed date based on an agreement by the parties. (ECF No. 5 at 7). This Court has previously held such evidence to be sufficient to show that the state court will be familiar with the case and prosecute it efficiently. *See In re Petroleum Prod. & Servs., Inc.*, 556 B.R. 296 (Bankr. S.D. Tex. 2016); *In re Mugica*, 362 B.R. 782, 793 (Bankr. S.D. Tex. 2007).

Furthermore, this Court would be unable to adjudicate this proceeding in a more timely fashion than the state court. In evaluating this issue, the Court examined McClintock's recoupment defense. The Court's review was for the purpose of assuring that the recoupment allegations were not made for a dilatory purpose. Accordingly, the Court reviewed the recoupment allegations to determine if they were "colorable" under state law.

Under Federal Rule of Civil Procedure 56, a federal court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A party may use an affidavit to support or oppose a summary judgment motion, but such an affidavit "must be made on personal

knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." FED. R. CIV. P. 56(c).

Tony McClinton's affidavit, submitted by McClinton in support of its recoupment allegations, meets the requirements of Rule 56. It raises a genuine dispute as to a material fact in this proceeding. First, Mr. McClinton illustrated his personal knowledge of the summary judgment issues by pointing to his role as the CEO and President of McClinton, his experience of the costs associated with repairs stemming from allegedly faulty Petroleum Products oilfield equipment, and a personal conversation and agreement with Petroleum Products' representatives regarding Petroleum Products' liability for McClinton's damages. (ECF No. 11-3 at 2–3). *But see Stagliano v. Cincinnati Ins. Co.*, 633 F. App'x 217, 221 (5th Cir. 2015) ("Shingler's statement that he relied on the unspecified observations of others to reach his conclusion did nothing to address the affidavit's dearth of specific factual details."); *Aqua Log, Inc. v. Lost & Abandoned Pre-Cut Logs & Rafts of Logs*, 101 F. Supp. 3d 1345, 1354–55 (M.D. Ga. 2015) ([D]ue to its generality, the affidavit is insufficient to raise a genuine dispute of material fact upon the record before the Court."). As set forth in the next paragraph, because McClinton's affidavit references statements made by Petroleum Products' officers, the statements are not hearsay. FED. R. EVID. 801. Even if conclusory, the statements constitute admissions of fault by Petroleum Products. The admissions are sufficient to preclude summary judgment. The fact that Mr. McClinton's affidavit is arguably self-serving does not prevent it from creating a fact issue. *C.R. Pittman Const. Co. v. Nat'l Fire Ins. Co. of Hartford*, 453 F. App'x 439, 443 (5th Cir. 2011).

Second, Mr. McClinton's affidavit does not rely solely on conclusory or hearsay statements. To create a genuine issue of material fact, "[t]here must be more than a 'scintilla of

evidence,' and more than 'some metaphysical doubt as to material facts.'" *Bellomo v. United Arab Shipping Co. (S.A.G.)*, 863 F. Supp. 107, 109 (E.D.N.Y. 1994). The alleged conversation and agreement between Mr. McClinton and Petroleum Products' representatives presents more than a scintilla of admissible evidence that a valid recoupment claim exists. (ECF No. 11-3 at 2–3). Additionally, even if parts of McClinton's affidavit are inadmissible, "the court should disregard only the inadmissible portions of a challenged affidavit," leaving the admissible portions intact. *Williamson v. United States Dep't of Agriculture*, 815 F.2d 368, 383 (5th Cir. 1987); *Lee v. National Life Assurance Co. of Canada*, 632 F.2d 524, 529 (5th Cir. 1980).

Third, nothing from the affidavit or Petroleum Products' arguments suggests to the Court that Mr. McClinton is incompetent to testify on the matters asserted. This Court would consequently deny summary judgment in this proceeding based on Mr. McClinton's affidavit. Accordingly, this Court would likely not adjudicate this proceeding in a more timely fashion than the state court.

Because McClinton satisfied its burden of showing that all other requirements for mandatory abstention are present, this case must be remanded in its entirety under 28 U.S.C. § 1334(c) to the 113th Judicial District Court of Harris County, Texas under § 1452(b).

***Permissive Abstention, Equitable Remand, & Subject Matter Jurisdiction***

Because mandatory abstention applies in this case, the Court need not consider the application of permissive abstention or equitable remand to Petroleum Products' claims. Additionally, the Court need not consider whether it has subject matter jurisdiction over the claims of DES against McClinton.

**Conclusion**

The Court will issue an Order consistent with this Memorandum Opinion.

SIGNED **October 24, 2016.**

                                                      Marvin Isgur
                                    UNITED STATES BANKRUPTCY JUDGE